UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT RYAN STACY,

     Plaintiff,

 v.

PIERCE COUNTY, *et al.*,

     Defendants.

CASE NO. 3:23-cv-05718-JHC-GJL

ORDER CONDITIONALLY GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

  This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Scott Ryan Stacy is currently confined at the Pierce County Jail in Tacoma, Washington. On August 9, 2023, Plaintiff submitted to this Court for filing a proposed prisoner civil rights Complaint and an Application to proceed with this action *in forma pauperis* ("IFP"). *See* Dkt. 1. However, Plaintiff failed to submit with his IFP Application the prison trust account statement required by 28 U.S.C. § 1915(a)(2). Thus, on August 10, 2023, the Clerk sent Plaintiff a letter advising him that his IFP Application was deficient and that he would need to correct the deficiency not later than September 11, 2023, or face dismissal of this action. *See* Dkt. 2. On August 21, 2023, Plaintiff filed a Motion for an extension of time to submit his trust account statement. Dkt. 3. Plaintiff

ORDER CONDITIONALLY GRANTING
APPLICATION TO PROCEED IN FORMA
PAUPERIS - 1

explained in the Motion that the Jail had denied his request for the trust account statement several times and, thus, he needed additional time to "prepare other means of paying" the filing fee. *Id*. On August 29, 2023, the Court granted Plaintiff's Motion, affording him until October 11, 2023, to either correct the deficiency in his IFP Application or pay the filing fee. *See* Dkt. 4. On October 10, 2023, Plaintiff filed a second Motion for an extension, requesting additional time to pay the filing fee since the Jail continues to deny his requests for the prison trust account statement. Dkt. 6.

The Court is aware that other plaintiffs seeking IFP designation, in unrelated cases, have encountered considerable difficulty in obtaining prison trust account statements from Jail officials, which has resulted in delays in processing their inmates' cases. Given the difficulty the instant Plaintiff has experienced in obtaining a trust account statement from Jail officials, and given the Court's concern that Plaintiff may be unable to correct his IFP deficiency in a reasonable amount of time in light of the apparently onerous process inmates must now navigate in order to obtain such statements, the Court deems it appropriate to conditionally grant Plaintiff's IFP Application rather than grant the requested extension.

Based on the foregoing, the Court hereby **ORDERS** as follows:

(1) Plaintiff's Application to Proceed IFP (Dkt. 1) is **conditionally GRANTED** as Plaintiff's declaration indicates he is unable to afford the Court's filing fee or give security therefore. As set forth below, an initial partial filing fee will be collected, and Plaintiff is thereafter required to make monthly payments of 20 percent of the preceding month's income credited to his account until the full amount of the filing fee is satisfied.

Pursuant to 28 U.S.C. § 1915, and Plaintiff's approved Application to Proceed IFP, the agency having custody of the above-named Plaintiff is directed to calculate an initial partial

filing fee equal to 20 percent of the greater of either: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the date of this Order. The initial partial filing fee should be forwarded to the Clerk of Court as soon as practicable.

Subsequently, if the prisoner's account exceeds $10.00, each month the agency having custody of the prisoner is directed to collect and forward payments equal to 20 percent of the prisoner's preceding month's income credited to the prisoner's account. In the event that the monthly payment would reduce the prisoner's account below $10.00, the agency should collect and forward only that amount which would reduce the prisoner's account to the $10.00 level. Please note this $10.00 limit does not apply to the initial partial filing fee described above. Finally, the monthly payments should be collected and forwarded to the Court until the entire filing fee ($350.00) for this matter has been paid.

(2) Plaintiff's Second Motion for an extension of time to submit his trust account statement or pay the filing fee (Dkt. 6) is **STRICKEN** as moot. Plaintiff should continue to pursue efforts to obtain his trust account statement and he should submit the statement to the Court as soon as he is able to do so. Failure to submit the statement during the course of this litigation may result in revocation of Plaintiff's IFP status.

///

///

///

       (3)      The Clerk is directed to send a copy of this Order to Plaintiff, to the financial officer of this Court, to the agency having custody of Plaintiff, and to the Honorable John H. Chun.

      Dated this 19th day of October, 2023.

Grady J. Leupold
United States Magistrate Judge

ORDER CONDITIONALLY GRANTING
APPLICATION TO PROCEED IN FORMA
PAUPERIS - 4