UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT RYAN STACY,<br><br>                      Plaintiff,<br><br>   v.<br><br>PIERCE COUNTY, *et al.*,<br><br>                      Defendants. | Case No. C23-5718-TSZ-SKV<br><br>REPORT AND RECOMMENDATION |

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Scott Stacy is currently confined at the Pierce County Jail. On August 9, 2023, Plaintiff submitted a prisoner civil rights complaint to the Court for filing, together with an application to proceed with this action *in forma pauperis* ("IFP"). Dkt. 1. Plaintiff's inability to obtain a prison trust account statement from the Pierce County Jail over a period of months delayed the Court's resolution of Plaintiff's IFP application. *See* Dkts. 3, 4, 6. However, on October 19, 2023, the Court conditionally granted Plaintiff's IFP application, and his complaint was filed. *See* Dkts. 7, 8. In its Order conditionally granting Plaintiff's application, the Court explained that Plaintiff should continue to pursue efforts to obtain his trust account statement and submit the statement

to the Court as soon as possible. Dkt. 7 at 3. The Court advised that failure to submit the statement during the course of this litigation may result in revocation of Plaintiff's IFP status. *Id*.

Shortly after the Court granted Plaintiff's application to proceed IFP, Plaintiff sought leave to file an amended complaint, and Plaintiff's amended complaint was filed on December 14, 2023. *See* Dkts. 9, 12, 13. Neither of Plaintiff's pleadings has been served on Defendants.

On January 4, 2024, the Court received from Plaintiff a motion seeking to withdraw his claims in this action, which the Court construes as a request for voluntary dismissal. *See* Dkt. 14. Plaintiff indicates in his motion that he is unable to pay the filing fee and that he has to live off the little money he receives. *Id*. The Court construes Plaintiff's representation that he is unable to pay the filing fee in this action as a request to revoke his *in forma pauperis* status and relieve him of the obligation to pay the filing fee.[1]

Because Plaintiff's complaint has yet to be served on Defendants, he need not obtain leave of court in order to dismiss this action. *See* Fed. R. Civ. P. 41(a)(1). However, Plaintiff's request to have his IFP status revoked requires Court action. Typically, once a prisoner Plaintiff has been granted IFP status, he remains responsible for the filing fee even if he elects not to proceed with the action for which such status was granted. In this instance however, Plaintiff failed to fully perfect his IFP application because he failed to provide the Court with a prison trust account statement. Because Plaintiff has expressed an intent not to proceed with this action, the Court deems it unlikely that Plaintiff will take the steps necessary to perfect his IFP application. The Court therefore recommends that Plaintiff's IFP status be REVOKED. The

---

[1] Pursuant to 28 U.S.C. § 1915(a), a Court may authorize the commencement of an action without the prepayment of fees. However, when a prisoner is granted leave to proceed without the prepayment of fees, the prisoner-plaintiff is still required to pay the full amount of the filing fee, he or she is simply permitted to do so over time rather than paying the entirety of the fee up front. *See* 28 U.S.C. § 1915(b).

Court further recommends that this action be DISMISSED without prejudice pursuant to Plaintiff's request to withdraw his claims. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 22, 2024**.

DATED this 23rd day of February, 2024.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge